**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Barney Lee PETTETT, Defendant-**
**Appellant.**

**No. 16293.**

United States Court of Appeals
Sixth Circuit.

April 29, 1966.

James J. Ryan, Cincinnati, Ohio, for appellant.

Jere B. Albright, Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Fred M. Vinson, Jr., Asst. Atty. Gen., Crim. Div., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before CELEBREZZE, Circuit Judge, KENT, District Judge,* and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellant, Barney Lee Pettett, and two other defendants were convicted by a jury

6. The president in his deposition and also in his counter affidavit referred to this as an assignment.

* W. Wallace Kent, Chief U. S. District Judge for the Western District of Michigan, sitting by designation.

of a robbery, by force and violence, of more than $46,000 from a bank insured by the Federal Deposit Insurance Company, in violation of Title 18 U.S.C. § 2113(d). Pettett appeals, first, from an order of the District Court denying a postponement of trial to enable him to secure counsel, other than the lawyer whom the court had appointed for him; and he also appeals from denial of his motion for a new trial on the ground that the District Court had not appointed proper counsel for him, and that he was, therefore, denied adequate representation by counsel in violation of his constitutional right under the Sixth Amendment. Other grounds set forth in the motion for a new trial were that defendant was prejudiced by a statement of the District Court made before a group of government witnesses, in the absence of the jury, that appellant with two other co-defendants had previously been brought to court for the announced purpose of changing their pleas of not guilty to pleas of guilty, and that appellant Pettett, to the surprise of all present, had changed his mind, and accordingly did not change his plea to one of guilt; and further that there was not sufficient evidence to sustain a verdict of guilty as against appellant.

The District Court, more than a month before the date of the trial, upon appellant's request for court-appointed counsel, had appointed Mr. Robert G. Drewry, an experienced lawyer and a former Assistant Attorney General of the County, as counsel for appellant. On Tuesday morning, September 8, 1964, the court opened for the trial of this case. At that time, appellant Pettett arose and stated to the court that his court-appointed counsel, Mr. Drewry, "has expressed the desire to withdraw from my case at least eight times in the presence of witnesses," and that appellant wished to have the court appoint new counsel for him. Mr. Drewry then stated to the court that on the previous Friday afternoon appellant and he "had some difficulties, you might say * * * over this case. Now in the late Friday afternoon I asked Mr. Pettett

if he still desired me to represent him in the matter, and he stated that he did, that he definitely wanted me to represent him in the cause. And I have prepared the case for trial and have been working thereon for a month, since the Court appointed me. And now this morning when he was brought over, I conferred with him and he told me that he desired to represent himself and that he did not desire me to assist him in the cause. And I informed Mr. Pettett that in my opinion the Court would not allow him to sit alone in the counsel and defense chair and represent himself alone. * * * I have worked long and hard to prepare it, and I am prepared to go to trial and represent this man but he has got a right to counsel of his own choosing."

The court then stated to appellant:

"Mr. Drewry tells us this morning that he has prepared your case for trial and is ready to go ahead with it.

"Now, you, as I say, are entitled to counsel of your own. You are entitled to handle this matter yourself.

"The Court, acting on your statements in court, considered that you were entitled to a Court-appointed lawyer and in good faith appointed one to represent you, and a good one.

"Now, you will be at considerable disadvantage. I will tell you that. And I don't know what your experience has been in court—other courts—but you are not a lawyer, are you?"

To this statement and question of the court, appellant replied:

"My Court-appointed attorney has expressed the desire to withdraw from my case at least eight times in the presence of witnesses.

"I feel that I can't get competent representation with my attorney feeling that way.

"I am not versed in the legal technicalities. But I would rather—I would rather go in court knowing that I would put forth my best effort. I am not going to take someone that is completely disinterested in the thing.

"If he wants to withdraw, I have given him the opportunity to withdraw.

"THE COURT: Well, the Court has been through these things many times. Mr. Drewry is a conscientious lawyer, and he is attempting to advise you honestly and I am sure intelligently about this whole matter.

"And it is not too rare that these things happen where a lawyer and his client don't see eye to eye on things.

"And Mr. Drewry has stated that you have refused to follow his advice concerning certain matters.

"And the Court doesn't know—isn't advised what those matters are.

"But I am going to suggest to you now that you sit down with your family and Mr. Drewry and take another look at this and see what you want to do.

"The Court is not advised as to the facts of the matter, knows nothing about the case. But we are here now after elaborate preparations and to try this case. And we are going ahead with it. And I am going to state if you do determine to go ahead and handle this matter yourself, the Court will certainly ask Mr. Drewry to sit by in the courtroom to make himself available to you if you want, when you might call on him for suggestions and advice.

"You were wrong about this, now, when you undertake to fire your lawyer here at the last minute.

"And I am going to suggest that, Mr. Marshal, you make this jury room available to Mr. Pettett and his lawyer, Mr. Drewry, and his family at this time so that they may discuss this matter further.

"DEFENDANT PETTETT: I would like to clear up another point that the Court brought out. * * *

"My being brought here Friday was not to plead guilty to this crime.

"THE COURT: Well, it was so stated to the Court, and all present expressed some surprise when you changed your mind about it.

"I don't know anything about that, either, except the Court was notified that the three of you desired to change your pleas. And we were in here for that purpose. And at the last minute it developed that you did not, after all, desire to change your plea.

"So, Mr. Marshal, let them go into the jury room."

*    *    *    *    *    *

"(Thereupon the defendant left the courtroom with Mr. Drewry and his family.)"

Thereafter, Mr. Drewry addressed the court stating:

"Well, Mr. Pettett still insists he desires to represent his own self or conduct his own defense, is my understanding.

"I think he wants me to help select the jury on the voir dire examination.

"DEFENDANT PETTETT: I did not express the desire to. I said I waived my right to representation.

"THE COURT: You waived your right—what?

"DEFENDANT PETTETT: To representation. And I leave it to the Court to appoint me advisor— * * *

"DEFENDANT PETTETT: I waived my rights of representation, and I will leave it to the Court's discretion to appoint me an advisor—legal advisor.

"THE COURT: You are waiving your right to counsel, is that what you say?

"DEFENDANT PETTETT: Yes, sir.

*    *    *    *    *    *

"THE COURT: And you still desire to represent yourself, is that it?

"DEFENDANT PETTETT: If that is the only alternative.

"THE COURT: And you are agreeable, though, to the appointment of counsel to be here in court with you so that you may confer with him, is that right?

"DEFENDANT PETTETT: Yes, Sir.

"THE COURT: * * * And of course, since Mr. Drewry is familiar with this whole thing and has worked on it a whole month and has prepared it, I assume there is no objection to his remaining in the courtroom with you, is that right?

"DEFENDANT PETTETT: No.

"THE COURT: There is no objection?

"DEFENDANT PETTETT: Well, do I have an alternative?

"THE COURT: Well, the Court has in mind asking Mr. Drewry to remain in the courtroom with you.

"Does that meet with your approval?

"DEFENDANT PETTETT: I would rather have another attorney appointed to me. I would like to ask for a postponement—.

"THE COURT: Well. * * * All right, we will undertake the trial of this case.

"And Mr. Drewry, the Court will ask you to sit at the counsel table, and if he wants—and advise with him if and when he asks for advice.

"MR. DREWRY: All right.

"THE COURT: He desires to handle this matter himself, he says. But you will sit by, will you?

"MR. DREWRY: Yes, sir, be glad to.

"THE COURT: And assist him in any way?

"MR. DREWRY: Yes, sir.

"THE COURT: And see to it that his rights are protected?

"MR. DREWRY: Yes, sir.

"THE COURT: And, if he desires you to qualify the jury for him, you will do that too, will you?

"THE COURT: Bring the jury back."

When the jury returned, the court stated to them:

"Mr. Drewry is here in a limited capacity only, it should be stated at this time.

"Mr. Pettett this morning advises that he desires to represent himself in this matter. And under the law it is his right to do that, of course.

"He has agreed that the Court might appoint a lawyer to be with him here in the courtroom and sit at the counsel table, and who will make himself available in case Mr. Pettett desires to enlist his services at any point in the trial, you understand.

"And I think it is well to make that statement so that the jury will be advised just what this situation is this morning."

The case proceeded, accordingly, and after hearing the testimony of numerous witnesses, and, after arguments and instructions, the jury brought in a verdict finding appellant guilty of the crime charged.

On the motion for a new trial, appellant made a statement to the trial judge in open court as follows:

"THE DEFENDANT: I expressly asked for either another counsel or that I be allowed to waive my right to representation because of the denial—.

"THE COURT: Well, on the morning of trial, and just prior to selecting the jury, you did state to the Court you desired to handle this matter yourself, is that right?

"THE DEFENDANT: That is right, yes, sir. And, of course, that was the alternative after I was denied—

"THE COURT: Well, the Court explained to you the difficulties you would meet with and explained that you would be handicapped right considerably if you undertook to represent yourself in this matter. And you agreed, as the Court recalls, that you would continue to accept the services of Mr. Drewry to the extent that you would like to have him to sit in the courtroom during the trial with you.

"Is that right?

"THE DEFENDANT: No, it is not.

"THE COURT: Well, what are the facts about it?

"THE DEFENDANT: I expressly asked that I be allowed a friend of the court other than Mr. Drewry, as you remember, and that you appointed me Mr. Drewry over my objection.

"THE COURT: Well, you had accepted Mr. Drewry's services for quite some time, six, seven or eight weeks. And on the day of the trial you did—the morning of the trial just before the jury was selected, and after the jurors had announced ready for trial, and after the witnesses had been summoned and were present—you did raise some objection to his representing you.

"What was that based on?

"THE DEFENDANT: His request that he be withdrawn from the case.

"THE COURT: How is that?

"THE DEFENDANT: His request that he be withdrawn from the case.

"THE COURT: Well, had you had some trouble with Mr. Drewry?

"THE DEFENDANT: Yes, sir.

"THE COURT: What trouble had you had with him?

"THE DEFENDANT: His understanding was that I would plead guilty when I come over here Friday, three days before—four days before trial, which was not my intention.

"THE COURT: Well, is that the only thing? Other than that, Mr. Drewry has served you pretty well?

"THE DEFENDANT: I stated that he had.

"THE COURT: And you say he did come over, he did have you brought over with the other defendants several days before the trial so that you might enter a guilty plea. And you say that you had not agreed to enter a guilty plea.

"Is that your complaint against Mr. Drewry?

"THE DEFENDANT: It is not a complaint. I just asked for a continuance for—I have no continuance for—I

have no complaints against Mr. Drewry. I asked him—to have him withdrawn at his request, and I concurred, and it was denied.

"THE COURT: Well, yes.

"Well, let's see, now. Is that all you would like to say, Mr. Pettett?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right, you may resume your seat, then.

"Well, the motion for new trial is overruled."

The evidence clearly discloses that Mr. Drewry was an able lawyer, with large experience in criminal cases, and that he actually represented appellant by the proper preparation of his case and by defending him in the trial of the case as ably and adequately as appellant would permit him to do, while rejecting him as his appointed counsel, by permitting him to assist in the trial.

The verdict finding appellant guilty of the bank robbery was sustained by a considerable body of substantial evidence. The only question of any importance or merit at issue is whether appellant was deprived of his constitutional rights in being denied the appointment of effective counsel after he had stated in open court that he wanted the judge to appoint other counsel for him subsequent to the time when he reported to the court that his appointed counsel had told him that he had "expressed his desire to withdraw from my case at least eight times in the presence of witnesses."

It is true that the appellant's request for new counsel was not made until the morning of the trial, but he submits that the disagreement between him and his court-appointed counsel occurred on Friday afternoon before the trial on Tuesday, and that appellant made his request for new counsel to the court as soon as he reasonably could. However, appellant's court-appointed counsel stated in open court that after the "difficulties" on Friday afternoon, appellant later, on the same day, told counsel that he still desired to have him represent appellant in the case; and it further appears that on the

day following the "difficulties" appellant's counsel, Mr. Drewry, was still pursuing appellant's interests, when, after seeing a newspaper article that appeared on Friday, he used it as the basis for a formal motion for a change of venue. Upon this motion being overruled by the court, appellant's court-appointed counsel utilized the newspaper article in his questioning jurors on the voir dire. During the trial, both Mr. Drewry, the court-appointed counsel, and appellant himself, cross-examined various witnesses for the government. From the foregoing, we are of the view that the controlling question before us is whether the court-appointed counsel, Mr. Drewry, informed appellant that he desired to withdraw from the defense of his case, and, if he did, when he so informed appellant; and whether appellant thereafter told Mr. Drewry that he desired to have him continue to represent him.

Mr. Drewry did not deny appellant's statement that he had expressed the desire to withdraw from his case on eight different occasions. He did, however, state, as above mentioned, that after the "difficulties" on the Friday before the trial, Pettett still definitely wanted him to represent him. But the matter is unclear and we are, accordingly, under the obligation to consider Pettett's claim, since appellant's statements are not specifically contradicted or explained.

To ascertain the facts necessary to our determination, it will be necessary to find what specific statements, if any, were made by Mr. Drewry to appellant as to his withdrawal from the case; when such statements, if any, were made; and whether, after such statements were made, if they were made, appellant stated before the day of the trial that he desired to have Mr. Drewry continue to represent him; and, if he made such statement, when it was made.

Accordingly, without reversal of the judgment, the case is remanded to the District Court to hold a hearing and make inquiry in accordance with the views herein expressed as to the statements of appellant and of Mr. Drewry, to which

reference has been made, and to receive in evidence the testimony of appellant, of Mr. Drewry, and of any other witnesses having knowledge of such statements; and to return to this Court, with a transcript of the testimony so taken, its findings thereupon. An order will be entered to this effect.